THOMS, Plaintiff and Appellant, vs. GUNNELSON and
another, Defendants and Respondents: MILWAUKEE
AUTOMOBILE INSURANCE COMPANY, Interpleaded De-
fendant and Appellant.

*March 2—March 31, 1953.*

For the purpose of the opinion the casualty companies which insured the respective automobile owners may be disregarded.

For the appellants there were briefs and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* all of Janesville.

BROWN, J. The jury found plaintiff causally negligent in respect to lookout and the first question which plaintiff raises is whether the jury was properly instructed on this subject. The instruction given by the court was a standard one and we regard it as adequate and appropriate to the situation which the evidence disclosed. Plaintiff does not contend it to be erroneous but asserts it should have been supplemented by the following which he requested but which the trial court refused to give:

"Thoms having, upon entering the intersection, observed Gunnelson's car, and having concluded that it was approaching at a distance and speed which afforded Thoms plenty of time to cross safely ahead of it, was not obliged to keep a continuous lookout to the north. It was his duty to also observe traffic conditions ahead and to his left. Meanwhile he was entitled to advance into the intersection which he had concluded that he could cross in safety. Where and when it was incumbent upon him to take another observation to the north, depended upon the existing traffic conditions as he knew, or in the exercise of ordinary care ought to have been aware of, and in that connection he was entitled, with the exercise of ordinary care, to rely upon his observations and conclusions upon that first view. All of these considerations

are involved in your determination of whether Thoms was negligent in respect to keeping a proper lookout."

We consider that the trial court properly refused to give this instruction which bases Thoms' right to come into the intersection, without further observation, upon his own conclusion that he could do so safely. The conclusions of a driver are not the tests of whether he is operating his automobile with ordinary care. The trial court correctly charged that the driver is required to keep such a lookout as a reasonably prudent person would keep under the same or similar circumstances and that his lookout must be an efficient one. Thoms' right to enter the intersection in the path of Gunnelson's automobile depends not on whether he concluded he could do so safely but on the quality of the lookout upon which his conclusion was founded. A conclusion which was the product of deficient lookout would confer no rights upon him, but the requested instruction ignores this. We consider it was misleading and correctly rejected by the trial court.

Counsel calls it to our attention that the language of his proposed instruction is that of this court in *Trautmann v. Charles Schefft & Sons Co.* (1930), 201 Wis. 113, 118, 228 N. W. 741. In that case a driver named Haasch, approaching a street intersection, was faced with two other vehicles also coming into the intersection from two other directions. The jury found Haasch was not negligent in lookout or in any other respect. Our opinion discussed the evidence which supported the findings and included the language which plaintiff asked the trial court to repeat in the present case. We point out that the jury had found Haasch's lookout was sufficient, thus establishing as a fact the element which the present plaintiff, before verdict, can only hope will be so found. Our discussion of drivers' conclusions must be read with this established fact in mind. Words used in opinions after facts are fixed by a verdict are not necessarily appropriate before verdict when the facts are still in dispute.

The trial court in the *Trautmann Case, supra,* would have been wrong if it had instructed the jury in terms which were quite suitable to explain the verdict after it had been rendered.

The jury found that the defendant's speed was a negligent one but was not a cause of the collision. Plaintiff submits that such speed must have been a cause as a matter of law because, in plaintiff's view of the evidence, defendant saw plaintiff when they were nearly 750 feet apart and at all times thereafter but proceeded to the point of collision without material reduction of speed. He reasons that it must have been the speed which caused the collision. At the distance which plaintiff assumes, defendant had ample time to reduce his speed; his failure to do so was a matter of management and control, and in that the jury found him negligent. We do not think we can disturb a finding that the collision was caused by this negligent management rather than by the excessive speed itself. The jury was privileged to consider that defendant's automobile would have overtaken plaintiff's and struck it, under the circumstances, even at a reduced speed.

Plaintiff makes a similar effort to show that defendant's negligence in failing to blow his horn was a proximate cause of the accident as a matter of law. We do not think this can be sustained. The horn would warn plaintiff of defendant's approach but the defendant's lights had already done that. The horn could not add anything to plaintiff's knowledge of defendant's presence, which presence plaintiff disregarded when he entered Highway 51.

Since we find that the answers to questions concerning causal negligence are supported by evidence and the reasonable inferences to be drawn from the evidence and that there was no error in the trial court's refusal to instruct as requested, the comparison of causal negligence as found by the jury must be upheld. It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.